The only case today, Montgomery CountyRecorderofDeedsversusMerscorpNo.14-4315. Good morning, I'm Bobby Broach and I'm counsel for the Appellants, Merscorp Holdings Inc. and Mortgage Electronic Registration Systems Inc. or MERS. I would also ask the Court if I could have leave for four minutes of rebuttal time. That would be great. Okay, thank you. Your Honors, this is a Section 1292B Interlocutory Appeal that presents several fundamental and independently dispositive issues of law. However, at the heart of the District Court's legal errors are three holdings that I'd like to address here today. First, and specifically Pennsylvania law in Section 351 of the Pennsylvania Land Recording Act does not require every mortgage contract and every assignment of that contract to be recorded. The failure of which gives the county recorder the right to sue to mandate that recording. Pennsylvania law has never required the recording of mortgages and mortgage assignments and the Pennsylvania Legislature did not change some 200 years of its law when it enacted Section 351 in 1925 to require these recordings. Indeed, no state, no state requires mortgages to be recorded. Mr. Broach, the statute itself obviously has the term shall be recorded. There are other provisions like 404 that make very clear the legislature is aware of and uses the term may versus shall when it wants to. And your citation is just to a superior court case as to the interchangeability of the terms shall and may throughout the Pennsylvania statutes. Has that proposition been adopted by the Pennsylvania Supreme Court? And if not, why shouldn't we take the statute at face value? Because I think what the Pennsylvania courts say when you interpret a statute, you need to look at the legislative history of that statute. You need to look at the purpose of that particular statute. You need to look at what the intent of that statute is. And when you look at Section 351 and the choice there of shall be recorded, you will be determined that the word shall refers to where the mortgage or the mortgage assignment or the deeds of conveyance should be recorded. When you look at the purpose of the statute here, there are a number of Pennsylvania Supreme Court cases including Long's Appeal, Salter v. Reed, and Pepper's Appeal that suggest that the purpose is to give public notice. And without complete public records, without that recording being mandatory, don't we end up with the problems to homeowners and consumers that, for example, were pointed out in Hillcott's amicus brief? Yes, but the purpose is for the lenders, if they wish, to provide notice of their lien to the world, constructive notice to the lien, and its priority. The purpose is not to make the land records complete, and it's not the purpose of the statute to make full disclosure so those land records are somehow contained all the mortgages and mortgage assignments. And Pennsylvania law and law everywhere is very clear that the purpose there is to choose if the lender wishes to provide constructive notice of the lien. Because, and this is what 351 says, if you don't provide, if you don't record that mortgage and that mortgage assignment in the county where the property is situated, then that lender would not have effectively given notice, and then the statute gives you the consequence if you don't give that notice. As to a bona fide purchaser, a subsequent bona fide purchaser. Exactly. Which is the only, the protection as to that entity, that person, is the only protection extended by 351. That is correct. In other words, if the lender wants to give the world notice of its lien, it can do so. And if it does so, then it is putting the world on notice of the lien, and so the lien would be valid to these subsequent purchasers. If the lender chooses, it's not mandatory, if the lender chooses not to give protection and does not record it in the county where the property is located, then that lien is not valid as to those subsequent purchasers. There were three critical issues here, and you were talking about, you know, the certification and this and that. These are the only three we have to address. Well, I suggest that the three really should be two in terms of your interlocutory appeal. Let's just take the frills off. Your position at heart is that 351 imposes no duty to record. And even if it did, there's no private right of action in the recorder. Period. You won both of those issues in October of 2012, and you filed, you did not file at that time, your motion for interlocutory appeal. So we're two years later now, and all these other issues are now popping up. But isn't your position, just as it was then, that the district court was wrong to find that there was a duty to record under 351, which no Pennsylvania court has said that specifically. And that there's no right of action in the recorder. You lost those issues in 2012. Could you not have moved for an interlocutory appeal at that point? You. Instead of waiting to oppose certification two years later. And they're not covered in glory for waiting this long either. But now we're here with the last 45-page opinion, four years of litigation. And I wonder why this wasn't summarized and decided earlier. Well, there are two responses. First, there are other issues that are dispositive because, yes, there's a duty to record mortgages and mortgage assignments, which is the first ruling that the judge made. But in this case, all of the mortgages designating MERS and all of the mortgage assignments were indeed recorded. It was the subsequent ruling by the court that the judge found that 351 not only required the recording of mortgages and mortgage assignments, but he also required that Section 51 said when a note is transferred, that too is a mortgage assignment. Aren't we dealing, though, isn't the critical issue? Forget the mortgage assignments. Is there a duty to record in 351? Forget mortgage assignments. If we find there is no duty to record, period, then we don't even have to decide whether mortgage assignments fit within it. That's absolutely correct. So it's a simple duty, the duty to record. Yes. That is the threshold issue, Your Honor. You're correct. And, of course, if you decide that in the recorder's favor, then we have to decide the second threshold issue. That is correct. And that is whether the recorder had a right, a private right of action. That is right. So there's two issues, as I see, and you agree those are the critical issues. I agree those are dispositive. If you decide there's no duty to record, you don't have to. It's all over. It's all over. And the district court said that. He said it in footnote, whatever it is, at JA51. He said that. That long, long record. And that is correct. He said if we find that the MERS system, and that was a shorthand that was used, the MERS system, for duty to record. If the MERS system is not violative of Pennsylvania law, the proceedings are over and the case is over. That is correct. Period. That is correct. And it's not the MERS system. Well, that's the phrase he used. That's the phrase. And I think your friends across the aisle have used that phrase. They have. But I wanted to be clear that it's a broader application that the court concluded that there's a duty for everyone to record these mortgage and mortgage assignments because of Section 351. But Your Honor is right. If you decide that there is no duty, the rest of the issues are gone. Is that dispositive of unjust enrichment and quiet title as well? Yes, it would be. Because the unjust is that there was no duty to record. And there are cases, the Seventh Circuit and the Eighth Circuit have ruled just that. Since there is no duty to record, that's the Plymouth County versus MERS case. But let's look at it from your friend's side of the aisle. They're moving for certification and you oppose it. Well, they won on those issues. I guess they're not showing a lot of confidence in their position before us, or perhaps I'm wrong about that. But why don't you want these issues certified? We just don't think it's necessary. I mean, we don't think that these issues are so novel and special and important. You can get in and nitpick about what are the requirements of certification. But do you find the issue of duty to record difficult? No. And if we don't, why shouldn't we decide it? I think you should. I think you should decide. Isn't that your most obvious answer to our friend across the aisle? Yes. We think that the duty to record is not a particularly difficult issue. We think that it is absolutely clear, just as the Seventh Circuit ruled in Union County versus MERS, just as the Eighth Circuit ruled in the County of Ramsey versus MERS, under statutes that are almost identical to the Pennsylvania statute, both those courts unanimously and the district courts below all concluded that those statutes simply do not mandate the recording of mortgages and mortgage assignments. We think it's not a simple issue, but we think it's a clear issue that doesn't have the complexity. Since you mentioned those two circuit court cases, do you have any other cases pending in other courts? We have one pending in the Fifth. I don't believe, though, that the duty to record is at issue there. It's more based on the recording of the document itself. I think the answer, Your Honor, is no. I think in all those cases, all the cases you cited, they decided either the duty to record or the private right of action. That is correct. They rarely decided both. That's right. And there are cases, and we cited them, where there was a duty to record alleged, but the court concluded that it doesn't matter whether there's a duty to court because you as a county have no private right of action even if the statute does empower you to record, I mean, to bring a cause of a cause fact, because it doesn't. And so since some courts have said, listen, there's no right of action, there's no statutory standing for a county to bring it, and that's true here, too. Section 351 shows no legislative intent that somebody should be enforcing it. It doesn't say the borrower, the mortgagor, and it certainly doesn't say a county with the ministerial duties to perform a recording has some expressed private right of action. And other courts have said there's also no implied cause of action because that statute, 351, is certainly not enacted for the benefit of the county. It's not a revenue-raising statute. Section 351 in recording, and the cases are pretty uniform, was enacted to benefit those who have a place to go lay upon the public records in the county where these properties are situated their lien so they can give constructive notice to the world and therefore their lien will be effective to everyone who didn't actually get notice. It's a way to prevent fraud, quite frankly, and this harks back to Pennsylvania's 1715 when they set up these recording laws that that is the purpose. And so what Union County has held by the Seventh Circuit, Judge Posner, and the County of Ramsey held in the Eighth Circuit is that these statutes that says shall be recorded are clearly meant and clearly intended to direct. The shall is a direction to people, if you want to give constructive notice, you shall record it in the county where that property is situated. It's also the case, is it not, that there are five of these cases pending in Pennsylvania state courts so that as they move up, this Pennsylvania Supreme Court will have that alternative route of reviewing these issues, something we might take into account in addressing the certification motion. Yes, and that is possible, and indeed in Union County where certification was also requested, that was one of the reasons Judge Posner denied certification, because he said there would be an opportunity in, that was the case of St. Clair County, being able to pursue it through an appeal on state court. But he also said, well, we can help. Yes, he did say that. He wouldn't presume to ever say it. He did say it, though. All right. Thank you, counsel. We'll hear from you on rebuttal. Thank you. May it please the court, Joseph Cone with Cone, Swift & Graf in Philadelphia for IAPA-Lee. I joined the counsel table with Bob LaRocca, Robert LaRocca from our firm, and William Lamb from the Lamb-McElwain firm, and would say up front that none of us have the credentials that your law clerks have. I don't have them either. I know. We agree there are two issues. Does the statute mean, as Judge Joyner said, that all conveyances shall be recorded, and can the recorder be heard? But before we get there, let me just, you know this is coming, having heard my questions of your adversary. But you filed this action in federal court in 2011. You bet that they would have removed it, so you came here directly to save time. Four years later, having won on the two issues you now want to certify. You won. You come in and you say we want to go to the Supreme Court. Now this is after there is a motion granted for interlocutory appeal by us and by the district court initially, the 1292B motion, and it is a month after your adversary files his brief on the merits before us. And you don't even make the motion for certification until five months after the July opinion, 2014 opinion of Judge Joyner. So, I mean, this is, you would agree that this comes to us in a very strange posture. The winner now is years later, after October 2012, you essentially won those two issues. Now it says we want certification. And you're going to, and you've got to say that, you had to have said this, tried to say it with a straight face. This is so we can now save time, because the pending nurse litigation in the state courts are working its way up, maybe. Did I properly summarize? You did, Your Honor. As we read the rules with respect to certification of issues to the state court, a motion by the parties to be made at the time you file your brief. So that explains that timing. We are not here to urge this court. Judge Joyner wrote very clearly that he was predicting what the Supreme Court of Pennsylvania was going to say as to two or three critical matters. This court and the Pennsylvania Supreme Court has adopted a procedure whereby this court can avail itself of that certification procedure if you choose. I'm just wondering about this. It's so strange that when the winner comes years later. Our first choice is that you affirm, Judge Joyner, we think you should. We pointed out that there is that procedure that is available. It was something that an opinion by Justice Alito, when he was on this court, urged the Commonwealth of Pennsylvania to adopt such a procedure so that this court is not in a position of predicting what another court will say. Do you have that opportunity? We like the federal court. I like the Federal Rules of Civil Procedure. I like the Federal Rules of Appellate Procedure. We're here to convince you that Judge Joyner should be affirmed, but that procedure is there. Maybe we can jump in on 351. Aren't unrecorded instruments still valid? Absolutely. There is a dual purpose in the statute. It does have the provision about the effect of an unrecorded instrument for a subsequent purchaser, but that is not the only purpose. The courts have recognized, as Judge Krauss was pointing out, the Salter case being one that speaks to the importance of having records available to the public. Remember, this statute relates to deeds, conveyances of property. Going back to the statutory history, 1775, it was mandatory to record deeds in Pennsylvania, clearly under the statute. 1841, Pennsylvania passes a statute requiring folks to go back in the period between 1715 and 1775 and record. Now, mortgages were accepted from that. There was a May record language with respect to mortgages in that time period, and that led to the Peppers case. Is that really clear even for 1775? I'm not sure why, because Peppers' appeal seems to be describing the 1775 Act when it's saying that the language of the Acts of Assembly providing for recording of written instruments has not generally been mandatory. It uses that language in a loose term. The case was dealing with mortgage assignments, and it was – but no, the 1775 statute is clear. That is the statute that has become the current 351, adopted in 25. And if I could point out the session laws of Section 351 and 356, which we argue must be read in peri materia. We attach them as addendum A and B to our brief. The title of 356, by the legislature, not by the editors, is, quote, the heading, requiring the recording of certain written instruments. The heading, you've agreed, is not the heading. Was the publisher's note. No, Your Honor. With respect to – there was a heading with respect to 351 in the Purdon's edition, which Judge Joyner referred to. We attached as our addendum the actual session law, which had the legislature's heading. The title, we can conclude. Which can be. But it's certainly not controlling. It's not conclusive, but it is instructive when you are looking at what is the intention of the legislature. Do you have any Pennsylvania – any Pennsylvania court decision interpreting 351 in the manner you suggest? We do not, Your Honor. It has not been – this issue has not been squarely placed before the Pennsylvania Supreme Court. There has never been a factual pattern like this. But there is clear line of cases. But there's no case where any interest holder has been compelled to record and compelled to pay a fee. There's no Pennsylvania case where that – it's been mandatory in that sense. That's correct, Your Honor. There's not really a dispute about whether it's required or mandatory, right? And the language of the statute says as much. Isn't the real question and the way – the better way to think about this is what is the consequence for the failure to record? And where we have the statute identifying a particular consequence, that is, it's void to the subsequent purchaser without notice. Why would we then impose some additional consequence that the legislature didn't see fit to put into the text of the statute? Your Honor, if you read the recording laws as a whole and look to their fundamental purpose, and, again, this relates to deeds and conveyances, there was a policy that those land records be recorded and made available to the public. It protects the very core values of the general welfare. Imagine if we had a system where deeds to property were not recorded. You couldn't determine who was owed taxes. You couldn't engage in the public safety functions. Are you talking about Section 351? Yes, Your Honor. And if I can get back to my argument with respect to that, the heading is not controlling, Your Honor. It is certainly an indicia of the legislative intent. The heading or the title? It was the heading given to it by the legislature, not by the publishers. And the language that they used when they wanted to have an act that required recording is the identical language to 351. All such instruments shall be recorded. But there's no enforcement mechanism in 351, as Judge Crouch points out, other than as against, I mean, in favor of a BFB, a subsequent BFB. I mean, there's no time period when you're supposed to do it? It doesn't say who's supposed to do it. Well, it speaks to the document and the conveyance. And for centuries it was so understood. If you want to record, if you record, you shall record in the particular office. That's all it really says. We cited a number of cases. There was a case we cited in the district court, the Turka v. Bureau of Professional Affairs. Physician in Pennsylvania shall report to the Board of Medicine if they've been sued in a malpractice case. That doesn't mean if you want to, this is where you will record it. Taxes for real estate transfers shall be paid at the office of the county treasurer. That doesn't mean if you want to pay the taxes, that is where you will pay them. The automotive title in Pennsylvania, it's 75 Section 1101. Every owner of a vehicle which has been issued in this commonwealth for which no certificate of title has been issued by the department shall make application to the department for a certificate of title of the vehicle. That doesn't mean that's just where I apply if I want to. You have to read the rest of the sentence in 351 because you're taking it out of context. Respectfully, Your Honor, there are two sentences. The second sentence. There's the first sentence which states a duty, and the courts have recognized a dual purpose. There was another case we had cited, Lansdowne Borough, which expressly stated that the Recording Act has a, quote, dual purpose. The first is notice to the public. The second is this consequence with respect to the subsequent purchaser. That doesn't vitiate the first purpose. That doesn't excuse this behavior, oh, if you want to. In 1935, if the major realtors in Philadelphia all got together or in the Commonwealth of Pennsylvania and said we're not going to record deeds anymore. We'll have our own little private deed place. If you want to come look at deeds, you come to our office. I think the recorder of deeds could have gone to court and compelled compliance with that statute. We've never been faced with a fact pattern like this. Philadelphia has a big problem with unrecorded deeds. You don't know who owns the property. The property is abandoned. It's a public nuisance. It's a public safety. Now, you can go and find and sue that individual. I think the recorder of deeds. The difference is where the quiet title issue, in my judgment, fails because there's no specific property we're talking about here. Under, it's B3 of the rule, Judge Schorner's analysis is clear.  It relates to the action injectment, et cetera. He's talking about any interest, any person. He's went back and cited the old law. So the only possible interest would be fees here. I mean, she wants her fees. Protection of the land records, Your Honor, which is sacrosanct in this Commonwealth and in this country. Going back to 1680, 1775, the statutes of Pennsylvania were mandatory and people complied with it. There are a handful of cases over this 300-year period that invoke the subsequent purchaser. It does, but 99% don't understand what that's supposed to mean. Where there is, in fact, a duty, and we're looking to construe the statute, isn't it far more relevant for us to look at the surrounding provisions of the recording statute rather than these many other statutes in very different areas that you've addressed? And there we have, for example, Section 444 that at least specifies as to a person who has that obligation. Here, for 351, for the interpretation you're asking us to adopt, as Judge Chigaris pointed out, there's no specification and you haven't espoused any of who it is that has that duty. I mean, if someone wants to simply transfer to a family member, for example, and isn't so concerned about priority that they want to record, there could be, in the position you've taken, an action by the recorder against either party recording without any specified time frame. How could we read those kinds of specifics into a statute where the legislature didn't provide them? I think in several ways. First of all, when you do look at the recording statute as a whole, there is plenty of language that says may be recorded, and there are some that say shall be recorded. The court can properly determine that the legislature did not use those terms sloppily or interchangeably. 356, requiring uses a certain phrase, the exact same phrase. As we say, how else could it be construed? They say the place of recording, that really makes no sense. They say, well, the shall means it's the ministerial duty of the recorder. No, the recorder always must record, whether it's a may be record document or a shall be record document, the recorder has separate duties to record. But that's the ministerial. I'll take it in and you'll file it. No, absolutely. So the may and the shall difference must speak to something other than the duty of the recorder. You say you think this is so clear here. You think your position is clear, or do you not? I believe, Your Honor, that the statute, when you read it, when you see the history of the policy, that that's the only plain interpretation of those words. I fully acknowledge that the Pennsylvania Supreme Court has not spoken on this. So why shouldn't we decide? Why shouldn't we decide it if it's that clear, instead of sending it off to the Pennsylvania Supreme Court? As we said, we believe Judge Newman should be affirmed, and we're very content to have this court. We should justify the issue to the Supreme Court, get it away from us, in a sense. We thought it was an appropriate manner. Ultimately, the Pennsylvania Supreme Court will be a final arbiter of this issue. Yes. So in that sense, we thought that was a way to reach final decision, rather than have two appellate courts possibly reach different or conflicting decisions. But getting back to the duty of the recorder, there was arguments both by the amicus, by Freddie Mac and by Murs, well, this just means shall is talking about the recorder shall record that document. It makes no sense, because the may record documents also have to be recorded. A recorder can't just take the day off and say, I'm not recording these may record documents. They have to record the shall documents. A number of Pennsylvania cases have acknowledged the mandatory nature of the recording. The Commonwealth Court in Chesapeake cites a Superior Court case, Lesnick, which stated, quote, Commonwealth Court also recognizes oil and gas lease statutorily required to be recorded, period. Counsel, I see your time's up. If you could just wrap up, that would be great. Your Honor, we think, Your Honors, we would, again, invite your attention to the addendum, to the peri materia argument, to the fundamental policy of preserving the land records. Imagine a society in which we did not, where everyone was free not to record the deeds or where there was some other structure that occurred for profit to take that out of the public domain. We would, otherwise, rest on our briefs and the briefs of the amicus. Thank you, counsel. First, we take issue with the county's position that since 1775, it was then enacted that mortgages had to be recorded. But nobody takes issue, including the county, that up until 1998, mortgage assignments were not required to be recorded. In other words, the county tells you that mortgage assignments under Pennsylvania need not be recorded under the law of Pennsylvania until sometime after 1998, which was 73 years after Section 351 was even enacted. And then they tell you, the county, you should go look at the title of Section 356 to consider that for interpreting Section 351, which, as the court has acknowledged, it's not dispositive or controlling. It's simply to be considered. I suggest you go look at the title for 351 and consider that, because the title for 351 doesn't say required recording. It says regulating the recording of certain deeds. And Section 356 was enacted six years after Section 351. But even if there was some duty, it is very telling that since 1775, there has not been one case even remotely suggesting that Pennsylvania law requires mortgages and mortgage assignments to be recorded. Not one. Pepper's Appeal said the opposite. And if you go look at the Pennsylvania Law Encyclopedia from 2014 today, it just matter-of-factly says what everybody in Pennsylvania, the Commonwealth has been operating under for 300 years, recording is not obligatory. But isn't that because mortgages and assignments traditionally had been recorded? And this is only emerging now because of a fairly sophisticated structure that's been put in place by the MERS members so that there is now one entity holding as the mortgagee and there's been this separation of notes and mortgage assignments. But the separation of a note and a mortgage, in other words one person holds the note and another person holds the mortgage, is not new. But on this scale. On this scale. The quantity has increased. And perhaps that's an explanation for why the issue has not been presented earlier. Well, you would think if there was an obligation in the last 300 years in Pennsylvania that every mortgage and every mortgage assignment had to be recorded, some county recorder, some county, someone would have brought an enforcement action or tried to require it. How do you respond to the policy argument made by the government? It would be like the Wild West if their rule isn't put into effect. No one knows. There would be a great deal of uncertainty about who owns, who has liens, the deeds, everything. The Pennsylvania legislature has set the policy. They said if you don't record, then your lien is not valid as to anyone who would rely upon it and didn't get notice. So it's self-executing in the sense that the policy of Pennsylvania and everywhere else is if you don't want to record, then you bear the consequence. But we're not hearing a referendum on MERS. We're hearing statutory MERS. Exactly. This is not dealing with MERS. MERS just enhanced the quantity that this was happening but didn't change what, in fact, was happening. Isn't it possible, we're all talking about what the legislature intended, but isn't it possible that they never contemplated a world in which the parties would seek to avoid recording conveyances? Yes, but to be clear, there is no avoiding of recording going on. In fact, the record below here is that all of these mortgages that designated MERS and all of the assignments of those mortgages were, in fact, recorded. The county isn't saying to you, hey, there are mortgages and mortgage assignments out there, MERS, that you didn't record. What they're saying, and this is why there's another issue, Your Honor, they're saying, hey, 351 not only requires mortgages and mortgage assignments to be recorded, it also requires, it doesn't say it, that when a note is transferred, MERS, as the agent of the person transferring the note, is responsible to create a document and record it. That takes us to a different issue we haven't spent a lot of time on today, and we probably don't need to reach if we conclude that recording is not mandatory. But the fact that as a technical matter we've got two different operative legal documents, we still can't ignore the reality that the mortgage doesn't really have a meaningful existence without the loan, and that there is, in fact, in terms of the actual party in interest, the actual S&E, there is a transfer going on. It just so happens that they have chosen the same nominee to hold it. But wouldn't we need, if we reach that issue, to take account of the reality of what's happening, not the technical separation of those two things? Yes, and Your Honor is correct that there is that separation. But the issue then would, well, does 351 on its face require this to be done when the note is transferred? Maybe it is a good policy that those documents should be recorded. Maybe notes and note transfers should be recorded. I don't think so. But if that's the policy, then the legislature needs to put that down in law, and to your point, it needs to tell the people who is responsible for recording. The court is holding the MERS defendants liable here for damages and the like for not recording under a statute that doesn't tell it it has to do so. It doesn't say you must record because you're the agent of the transfer or the note to record that document. And if you don't do that as the undisclosed agent, you will be subject to a lawsuit and penalties and fines and consequences from the county who does the ministerial duty of recording. Okay. Well, thank you, counsel. Thank you, Your Honor. We'll take the case under advisement. Thank you, counsel, for excellent argument and briefs. And we'd like to thank you more personally if you come up to the bench.